United States District Court
Southern District of Texas
FILED

NOV 01 2022

Nathan Ochsner, Clerk

United States District Court
Southern District of Texas
**ENTERED**
November 01, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| GABINO SALINAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:22-CV-0311 |
| | § | |
| "STG" GANG INTELLIGENCE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION

Plaintiff GABINO SALINAS, proceeding pro se, brings this civil rights action seeking redress for alleged violations of his constitutional rights by certain law enforcement entities and officials responsible for his arrest. (*See* Dkt. No. 1). Since filing suit, Plaintiff has been in the custody of the Texas Department of Criminal Justice—Correctional Institutions Division.[1] Pending now is his *Motion for Voluntary Dismissal* (the "Motion") (Dkt. Nos. 11, 12) made pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

This case was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1). After review of the briefing, the record, and the applicable law, the Magistrate Judge RECOMMENDS that the Motion (Dkt. Nos. 11, 12) be GRANTED. Accordingly, the Magistrate Judge RECOMMENDS that this case be DISMISSED.

### I. PROCEDURAL BACKGROUND

In August 2022, this case was transferred to this court from the Eastern District of Texas, Lufkin Division, on the basis that Plaintiff's claims pertained to his arrest and detention in Hidalgo

---

[1] For information about Plaintiff's incarceration, his TDCJ number, 02387925, can be used to query the TDCJ's Inmate Information Search page at https://inmate.tdcj.texas.gov/InmateSearch/start.action (last visited Oct. 31, 2022). Plaintiff is serving a sentence of life without parole for capital murder.

County. (*See* Dkt. Nos. 3, 4). Pending at the time of the transfer was Plaintiff's application to proceed in forma pauperis. (Dkt. No. 2). Consistent with 28 U.S.C. § 1915 of the Prison Litigation Reform Act, the application included an affidavit of indigency and certified copy of Plaintiff's prison trust fund account statement. Upon review of the application, however, the Magistrate Judge noted certain inconsistencies as to Plaintiff's sources of income and thus ordered Plaintiff to submit briefing to explain those inconsistencies. (Dkt. No. 6).

Plaintiff submitted the required brief, explaining in part that his family was his only financial help and that he still intended to proceed in forma pauperis. (Dkt. No. 7).

On October 8, 2022, noting that the application appeared to be meritorious, the Magistrate Judge advised Plaintiff about proceeding in forma pauperis, including the requirement that he pay the full $350 filing fee by installments.[2] (Dkt. No. 8 at 1-2). Plaintiff was also advised that he could otherwise avoid the filing fee by voluntarily dismissing the case. (*Id.* at 2). Accompanying the order was a form Motion for Voluntary Dismissal. (*Id.* at 4).

Plaintiff then submitted two copies of the Motion, dated October 18, 2022, on the provided form, stating as follows: "I, Gabino Salinas, Plaintiff, seek the voluntary dismissal of this action under Rule 41(a) of the Federal Rules of Civil Procedure." (Dkt. Nos. 11, 12).

## II. LEGAL STANDARD

Rule 41(a)(2) of the Federal Rules of Civil Procedure concerns the voluntary dismissal of an action by court order. *See* Fed. R. Civ. P. 41(a)(2). Under Rule 41(a)(2), a district court has the discretion to grant a motion for dismissal "on terms that the court considers proper." *Id.*

---

[2] For reference, § 1915(b)(1) provides, in part, that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Section 1915(b)(2) goes on to provide, in part, that "[a]fter payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." *Id.* § 1915(b)(2).

Dismissal under Rule 41(a)(2) is generally without prejudice unless otherwise indicated. *See id.* Rule 41(a)(2) motions "should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). A non-moving party may be prejudiced for such purposes when, for example, the movant seeks dismissal either: (1) in the later stages of litigation after the non-movant has exerted significant time and effort; or (2) to avoid an imminent, adverse ruling. *In re FEMA Trailer Formaldahyde Prods. Liab. Litig.*, 628 F.3d 157, 162 (5th Cir. 2010).

### III. ANALYSIS

Here, the Motion should be granted and this action dismissed as per the general rule. There is no reason to believe that any non-movants will be prejudiced by the dismissal. The Magistrate Judge has yet to even screen the complaint for purposes of determining whether to recommend dismissal or proceed with service of process. *See* 28 U.S.C § 1915(e)(2)(B); *see also id.* § 1915A.

### IV. CONCLUSION

#### *Recommended Disposition*

For these reasons, the Magistrate Judge RECOMMENDS that the Motion (Dkt. Nos. 11, 12) be GRANTED and that this case be DISMISSED.

#### *Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections within 14 days after service shall bar an aggrieved party from de novo review by the District Court on an issue covered in this report and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

### *Directive to Clerk of Court*

The Clerk of Court is DIRECTED to forward a copy of this report to Plaintiff by any receipted means.

DONE at McAllen, Texas this 1st day of November 2022.

_____
J. SCOTT HACKER
United States Magistrate Judge